McKiNNey, J.,
delivered the opinion of the court.
This was an action on the case brought by the plaintiff in error against the defendant, in the circuit court-of Haywood. Judgment was for the defendant, and the plaintiff appealed.
The character and relation of the respective parties, and the ground of the action, are as follows: The plaintiff, Stott, is the administrator de bonis non, of the estate of Jonas Quinby, who died intestate, in Hay^ wood county, in 1851. The_ defendant, Alexander, is the administrator of the estate ‘ of Willie Cherry, who likewise died intestate, in said county in the fall of 1852. Said Willie Cherry was the first administrator of .the estate of Qiiinby. He was duly appointed as such in October, 1851, and died about twelve months afterwards. During his administration, and in the proper exercise of his authority and duty, it seems that he collected three several debts due to the estate of his intestate, Quinby, amounting together to the sum of $112 50. It further appears, that at his death, he left on hand $180 in cash, which .the defendant after his *652 qualification took into Ms possession. The plaintiff, upon his appointment as administrator de bonis non., of Quinby’s estate, claimed to obe entitled to receive from the defendant, Alexander, out of the before-mentioned fund of $180, found among the effects of Cherry, the sum of $112 50, which Cherry had collected as part of Quin-by’s estate, and had not administered, or in any way accounted for at the time of his death. The defendant refused, upon demand by the plaintiff, to pay over said sum of money, and to enforce him to do so, this suit was brought.
The declaration contains a special count in case, and two counts in trover. His Honor, the circuit judge, instructed the jury, that the plaintiff was not entitled to recover.
It was earnestly pressed in the argument here, that upon the facts stated above, the plaintiff is entitled to maintain trover -for the recovery of srid sum of money. The argument, we think, is untenable, and involves á ¿misapplication of plain, well established principles of law.
It is admitted, that although the books lay it down in general terms, both at law and in equity, that the interest in the personal estate of the deceased vests in the executor or administrator; yet the interest which he acquires is very different from the absolute interest which he has in his own proper goods. He holds the property as trustee. It cannot be seized upon an execution against the executor or administrator, in his own right; nor upon his bankruptcy, will it pass to the assignees; neither will it be assets for the payment of his debts, upon his death.
It is also well settled, that upon the death of an *653 administrator, or executor, under our law, no interest in tbe property left unaclministered, is transmissible to his own representative; the entire interest passes to the administrator de bonis non of the original testator or intestate, who is entitled to all the goods, and personal effects of the estate which remain in specie, and were not administered by the first executor or administrator. He succeeds to all the power and authority, and legal rights which belonged to the former executor or administrator in his representative character, so far as respects the estate left unadministered.
But we understand it to be the established doctrine of the common law, that the extent of his power and authority, as well as of his duty, is simply to administer such property and effects, not administered by the former representative, as remain in specie, and are capable of being ascertained and identified as the specific property or estate represented by him. Hence, it has been held, that an administrator de bonis non, cannot call the representative of the former executor or administrator to an account for any of the effects of the estate wasted by the former representative; though it is said that creditors, distributees or legatees may do so. 1 "Will, on Ex’rs, 783 and note 1.
It was held by this court, in Griffith vs. Beasley, 10 Yerg., 431, that the representative of an executor was not liable to be sued for' the devastavit of the former; the English statute of 30 Char. II, ch. 7, 4 and 5. W. & M., ch. 24, § 12, not being in force in this State. This doctrine of the common law proceeds upon the principle that the devastavit was a personal tort, which died with the person. The reason, of course, *654 would not apply to a suit upon the bond of the executor or administrator, for the proper administration of the estate. The question as to the remedy upon the bond, or the person by whom it might be enforced, does not, however, arise in the present case, and consequently need not be considered.
That an administrator de bonis non may maintain trover for the specific goods and chattels left unadmin-istered, in all cases where his predecessor might have done so, cannot be doubted. But, whether or not an action of trover, or other action at law, will lie against the personal representative of the former administrator, for the recovery of specific chattels belonging to the estate of the original intestate or testator, in the possession of the former administrator or executor, at his death, and which came to the actual possession of his representative, is a question upon which no decision is called for in the present case. It is certainly true, that upon principle, it would follow, that a specific sum of money, left un-administered, would pass to the administrator de bonis non, as well as any other specific chattel; the only difference would seem to be a mere matter of evidence, the sufficient identity of the money. And there is authority to be found which supports this view. It is stated in 1 Will, on Ex’rs, 782, “that if an executor receives money in right of his testator, and lays it up by itself,\ and dies intestate, this money shall go to the administrator de bonis non; being as easily distinguished to be part of the testator’s effects as goods in specie.” But this author, at page 542, of the same volume, in treating of the- interest which an executor or administrator has in the goods of the deceased, and *655 bow tlie property wbicb be bas, at first, in his representative character, may become bis own, says, “in regard to the ready money left by the testator, on its coming into the hands of the executor, the property in the specific coin must of necessity be altered; for when it is intermixed with the exeoutor’s own money, it is incapable of being distinguished from it; although he shall be accountable for its value; and therefore a creditor of the testator cannot, by fieri facias, in a judgment recovered against the executor, take such money as de bonis testatoris in execution.”
This authority clearly establishes (all other questions aside) that this action cannot be maintained, as there is no evidence in the record as to the identity of the money collected by Cherry; nothing to render it even probable, that the money received by him as administrator of Quinby, constituted 'any part of the fund found on hand after his death. The argument on this point rests upon a naked assumption.
There is no error in the record, and the judgment is affirmed.